**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MAURY LONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. Action No. ______** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ACADIA HEALTHCARE,** | ) | |
| **COMPANY INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

Plaintiff **Maury Long** brings this civil rights action for relief and damages against Defendant **Acadia Healthcare Company, Inc.** based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1. This action to correct unlawful employment practices by Acadia Healthcare Company, Inc. ("Acadia") arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e *et seq.*, and 42 U.S.C.A. § 1981.

2. Plaintiff Maury Long, who is a black man, served as a Regional Director for Acadia, overseeing seven Tennessee and Kentucky clinics from mid

2023 to August 2024. He alleges that he was terminated for making a series of internal complaints of discriminatory and retaliatory conduct.

3. Long seeks economic damages of back pay and lost wages and compensatory damages for emotional distress and mental anguish, as well as his attorneys' fees and costs of litigation.

## THE PARTIES

4. Plaintiff Long at all times relevant to this complaint was employed by Acadia Healthcare to work primarily in its Tennessee based facilities.

5. Acadia is a national provider of behavioral healthcare services that is headquartered in Franklin, Tennessee.

## PERSONAL JURISDICTION

6. Acadia may be served at the location of its registered agent CT Corporation System at 300 Montvue Road, Knoxville TN 37919.

## SUBJECT-MATTER JURISDICTION AND VENUE

7. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §1331.

8. Venue is proper in this district and division under 28 U.S.C.A. §1391(b)(1)-(2), as Defendants reside in and conduct business in this district and

division and the acts or omissions giving rise to the claim occurred in the same venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Long filed an initial charge of discrimination and retaliation against Acadia with the EEOC, Charge No. 494-2024-04136, on January 8, 2025. A copy is attached as Exhibit A.

10. Long subsequently received a right-to-sue letter from the EEOC on December 15, 2025. A copy is attached as Exhibit B.

11. Long timely files his Title VII claim.

## FACTUAL ALLEGATIONS

12. In May 2023, Long was hired by Acadia as a Regional Director assigned to the Comprehensive Treatment Center ("CTC") Group, which consists of facilities providing care to patients recovering from opioid addiction and substance abuse.

13. Long's primary responsibilities involved operational and compliance oversight of seven CTC Group clinics the company operated in Tennessee and Kentucky.

14. Long was supervised by Chris Hammond, the CTC Group Regional Director, who is white.

15. In late May 2023, Hammond conducted a lengthy ride-along with Long that functioned as a multi-day training and orientation session on Acadia's processes and the various personnel who worked at clinics in Long's coverage area.

16. Long was unnerved by several comments that Hammond made over the course of the long trip. At one point, Hammond disparaged a number of the regional staff leaders whom Long knew were black and advised Long to be wary of his dealings with them and to have no qualms about writing them up for any deficiencies at their clinics. Hammond, in contrast, spoke glowingly of the various administrators who were white.

17. In addition, Hammond speculated about the sexual orientation of one female clinic administrator, and spoke disdainfully about another employee who was apparently transgender, inviting Long to guess whether her birth gender was male or female. Hammond said that he was an ordained minister who found same-sex relationships to be morally objectionable.

18. In late May, Long reported these conversations to Erin McCarthy, the regional Vice President to whom Hammond reported, who directed him to share his concerns with Anita Harger, a Senior Vice President in the HR department.

19. In late June 2023, Long was informed by Hammond and an HR business partner that several clinic staffers had reported concerns about Long's first

month on the job. Long suspected that the complaints were generated by employees who were long-time associates of Hammond and were instigated by Hammond as a reprisal for his own complaints.

20. In the late summer or early fall of 2023, Hammond was advised by Anita Harger, a senior vice president of HR, that Acadia had determined that Hammond did not knowingly violate company policies and regretted the tone of some of his comments.

21. Long regularly noticed that over his first six months, Hammond started to make regular visits of his own to the clinics that Long oversaw, often joining Long on site inspections. Long also perceived Hammond as overly scrutinizing his work and decision-making to the point of micromanagement.

22. In or about December 2023, Long and another black Regional Director Schantee Sales filed internal complaints that Hammond was subjecting them to harsher scrutiny than a white regional director in the CTC Group, and Long added his own allegation that Hammond was retaliating for the HR complaint he filed in May 2023.

23. Within approximately a week of her complaint, Sales was placed on a performance improvement plan and terminated within a month.

24. While Long did not suffer the same fate, he learned in the early months of 2024 that at least one of his black counterparts in another region had

been warned by a company HR official to steer clear of Long because he was a "troublemaker."

25. In the summer of 2024, Long applied for an opening as a Vice President ("VP") of Operations. While the Acadia in-house recruiter who interviewed him, Justin Rosenberg, told him that his credentials were strong and that he was a viable candidate for the promotion, Long was never contacted for a formal interview with the hiring team.

26. Long raised concerns in early August 2024 with Samantha McCumber, the senior H.R. Business Partner for the CTG group, that he had been denied fair consideration before the VP opening because of his prior complaints about Hammond and also for racially discriminatory reasons.

27. Early the week of August 12, 2024, Long encountered problems with the onsite leadership at a Kentucky clinic that escalated to their refusal to follow several directives from him. Long reported the episode to the HR department and leveled allegations that Hammond had been undermining him for the better part of a year because of his prior discrimination complaints, and was behind the insubordination at the Kentucky site.

28. On August 19, Long was abruptly informed by Hammond and HR business partner Dennis Antonetti that he was being terminated on the vague grounds that "it just didn't work out."

29. While Acadia suggested during the EEOC investigation that Long himself had been the subject of ongoing complaints by clinic employees, the company did not adhere to its normal investigative or progressive discipline policies by firing Long so abruptly without a formal inquiry or corrective action.

## CAUSES OF ACTION

## COUNT I

**(Retaliatory termination in violation of Title VII, 42 U.S.C.A. § 2000e-3(a))**

30. Plaintiff Long incorporates by reference the factual allegations of this complaint as though set forth fully and separately herein.

31. Plaintiff engaged in protected activity under Title VII in that he made internal complaints regarding discriminatory employment practices at Acadia Healthcare.

32. Plaintiff's Title VII protected activity was a but-for cause of his termination.

33. As a result of the retaliatory conduct by Acadia Healthcare under Title VII, Plaintiff has suffered monetary damages, including but not limited to back pay and front pay; loss of economic opportunity and future benefits; and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT II

**(retaliatory termination in violation of 42 U.S.C.A. § 1981)**

34. Plaintiff Long incorporates by reference the factual allegations of this complaint as though set forth fully and separately herein.

35. Plaintiff engaged in protected activity under §1981 in that he made internal complaints regarding racially discriminatory employment practices at Acadia Healthcare.

36. Plaintiff's protected activity under §1981was a but-for cause of his termination by Acadia Healthcare.

37. As a result of the retaliatory conduct by Acadia Healthcare, Plaintiff has suffered monetary damages, including but not limited to back pay and front pay; loss of economic opportunity and future benefits; and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish.

## PRAYER FOR RELIEF

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the extent allowed by law.

C. Punitive damages against Acadia Healthcare based on its willful violations of Plaintiff's statutory rights.

D. Attorneys' fees and costs of litigation.

E. Pre-judgment and post-judgment interest at the highest lawful rate.

F. Such other equitable and monetary relief as the court deems just and proper.

G. A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights and that Defendant shall refrain from future unlawful discriminatory conduct in its employment practices.

Respectfully submitted the 16th day of March, 2026.


**HKM Employment Attorneys LLP**

s/Artur Davis
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

s/ M. Briana Beltran
Briana Beltran
Tennessee Bar No. 030457
153 Main St, Suite 201
New Paltz, NY 12561


[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.

Direct: 212-439-4702
bbeltran@hkm.com

**Counsels for Plaintiff Maury Long**